This is a suit brought to set aside a conveyance executed by complainant and her sister, Helen, to defendant on the 26th day of October, 1934, on the ground that complainant was induced to execute the deed through force, coercion, undue influence and mis-statements and on the further ground that at the time of the execution, she was in such a mental condition that she did not have full knowledge of what she was doing.
Complainant and her sister are nieces of defendant, who was the sister-in-law of their father, Hugh Kelliher, who died on August 25th, 1934. Defendant had been housekeeper for Hugh Kelliher and had raised complainant and her sister. By the will of Hugh Kelliher, the sum of $700 was left to defendant and the residue of the estate was in trust to defendant for the benefit of the complainant and her sister, Helen, until they should reach the age of twenty-three years, which age, in fact, they had both reached before his death. The deed in question was executed at the office of Robert J. McDermott, who was acting on behalf of defendant and who had been the attorney for the testator and who had drawn his will. The deed recites that the conveyance was to defendant only during her lifetime and that it was upon the condition that defendant execute a will leaving all her estate to complainant and her sister, Helen. Defendant did execute such a will at that time. Complainant testified that at the time she executed the deed she was in a highly nervous state, very excitable, impulsive and had been for a considerable time undergoing treatment for an over-active thyroid. She said she was told by Mr. McDermott that her father intended to make further provision for defendant and that unless she signed the deed, defendant would sue the estate for services as a housekeeper and that her sister, Helen, would start a partition suit and that there would be little or nothing left. *Page 187 
She testified she was unfamiliar with these terms and that she did not know what she signed that day. After signing the deed, she went home and told her husband who said he would not join in it. There is absolutely no corroboration of complainant's version of what took place at the time of the execution of the document, nor is there any corroboration as to what she said was her mental condition at the time. There was no medical test to support her statements as to her condition, although there was proof that she did have a thyroid condition. On the other hand, the sister, Mr. McDermott and other persons present at the signing of the deed, testified that Mr. McDermott stated to complainant that her father had intended to make further provision for her in view of the fact that she had for many years cared for him and his children; and that complainant's sister, Helen, stated that she felt that provision should be made for defendant under the circumstances, that she was willing to execute the deed and asked complainant to join with her in doing so. They testified that it was explained to complainant that the conveyance was only for the lifetime of defendant and that defendant would execute a will, leaving all the property to the two grantors. Defendant, in fact, had some other property other than that involved in the transaction in question. The three witnesses united in testifying that complainant at first expressed an unwillingness to execute the deed, but that she finally consented after all the circumstances were explained to her. They all united in stating that she was not nervous or excited and was in full possession of all her faculties.
On this testimony, it is clear that complainant has wholly failed to prove the allegations of her bill, since her unsupported statements as to her lack of understanding of the situation and her mental condition at the time are contradicted by a great preponderance of credible testimony.
 A decree will be advised dismissing the bill. *Page 188